[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (Motion to Set Aside Verdict)
Issue:
I Hearsay portions of the police report were improperly admitted into evidence and prejudiced the outcome of the trial against the plaintiff.
The court found that the subject information in the police officer's report was the result of his conversation with the defendant at the scene of the accident. As such, it was not inadmissable hearsay as it is an admission of a party. The court in reviewing the argument of plaintiff's counsel, in the subject motion, finds no reason to reverse its ruling at trial. The defendant, Aquilino, was not a bystander witness, he is a party to the instant action.
II The trial court abused its discretion in permitting improper and misleading comments by the defense counsel in his closing arguments to be considered by the jury.
The plaintiff's counsel, at the close of defense counsel's argument on November 10, 1999, objected to comments made by the defense counsel to the jury. The subject of the objections related in great part to the manner in which defendant's counsel portrayed the plaintiff's counsel and the merits of the plaintiff's case.
On November 10, 1999, the court gave its jury instructions to the members of the jury panel. The court inquired of the respective counsel as to whether or not there were any exceptions to the jury charge, as given by the court. Plaintiff's counsel responded "No, Your Honor." (Transcript, p. 43).
The court, therefore, did not address any need for a curative instruction regarding alleged improper remarks during closing argument by the defense counsel. Subsequently, after the jury CT Page 1828 began deliberations, plaintiff's counsel supplemented her arguments regarding this alleged improper remarks by defense counsel, and requested a curative jury instruction. At that time the court denied counsel's request.
The court was not requested to give any cautionary or curative instruction to the jury in a timely manner. The court was not supplied with any written copy of a proposed curative or cautionary jury instruction at any time regarding the comments of defense counsel during his closing argument. The court denies the plaintiff's request to set aside the verdict on these grounds.
III Juror misconduct persuaded other jurors to base their verdict on extensive evidence.
Pursuant to State v. Brown, 235 Conn. 502 (1995) the court has held a preliminary inquiry into the plaintiff's allegations of juror misconduct. The preliminary inquiry was held on the record, on January 3, 2000. The court exercising its discretion as to the scope and form of the inquiry, refused to hear testimony from a member of the jury panel, who was subpoenaed by the plaintiff's counsel. The court, however, listened to the arguments of the plaintiff's counsel, including a recitation of the substance of what the juror-witness would have testified to, if given the opportunity. The Court then informed both counsel, that for the purposes of rendering a decision as to whether or not juror misconduct had occurred, the court would base its decision on the premise that the allegations of facts indeed did occur.
While State v. Brown, 235 Conn. 502 (1995) addresses the procedures to be followed when juror misconduct is alleged in a criminal matter, similar allegations in a civil matter are to be seriously considered by the court, to allow parties proper safeguards and procedures. A fair trial by an impartial jury is one of the foundations of our judicial system.
However, the court finds that even assuming that the conversations in the jury room did occur, as related by the plaintiff's counsel, said conversations did not rise to the level of juror misconduct.
The juror who made representations to the remaining jurors regarding the photographic exhibits, lived in the area and was familiar with the area where the accident occurred. There is no representation that the juror, who was the subject of this CT Page 1829 complaint, went to the scene to make an independent investigation, as it related to this case. There is no representation that he brought extrinsic evidence into the jury room. There is no representation that he took other jurors to that location to view the scene, or encouraged other jurors to do so.
The juror in question was using his own knowledge and everyday experiences with this area, to reconcile the evidence with this knowledge and experience. All counsel had adequate opportunity during the voir dire process to inquire of jurors, as to whether or not they were familiar with the area of the accident, prior to hearing any evidence in this case. They could have inquired if any familiarity with the location of the accident would affect their abilities to be fair and impartial to all parties in the case.
The court finds the allegations of juror misconduct to be unproven.
Accordingly, for the reasons set forth herein, the Motion to Set Aside the Verdict is denied on all grounds stated.
The Court
By Arnold, J.